UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CAMERON TERRELL,

       Plaintiff,

v.                                                                          Case No. 1:14-cv-1058
                                                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1982.  PageID.272.  He completed the 10th grade and had previous employment as a bagger, cashier, factory worker and laborer.  PageID.277.  Plaintiff alleged a disability onset date of October 27, 2011.  PageID.272.  Plaintiff identified his disabling conditions as post-traumatic stress disorder (PTSD) and bipolar disorder.  PageID.276.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 17, 2013. PageID.62-72.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C.

§405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she

2

is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 27, 2011 and that he met the insured status requirements of the Act through March 31, 2012. PageID.64.  At the second step, the ALJ found that plaintiff had severe impairments of anxiety disorder (PTSD), affective disorder (bipolar disorder), organic brain syndrome (hypoxia as a child, history of concussion), and substance abuse in remission.  *Id.*  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.65.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can maintain attention and concentration for two hours at a time as required to perform simple tasks, sufficiently to complete an 8 hour day and a 40 hour week; is capable of appropriate social interaction with co-workers and supervisors but would do best in an environment with limited public contact; supervision should be direct and non-confrontational; is able to adapt to routine changes and respond to directions from others; may have difficulty adapting to new situations at work but can adapt to predictable work environments involving simple repetitive tasks; simple routine tasks involving no more than simple short instructions and simple work related decisions with few work place changes; no production rate jobs.

PageID.66.  The ALJ also found that plaintiff has no past relevant work.  PageID.70.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at all exertional levels in the national economy.  PageID.70-71.  Specifically, plaintiff could perform the following unskilled jobs in Michigan:  custodian (medium work, 38,000 jobs); laborer (medium work, 17,000 jobs); and dishwasher (medium work, 8,000 jobs).  PageID.71. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the

4

Social Security Act, from October 27, 2011 (the alleged onset date) through May 17, 2013 (the date of the decision).  PageID.71-72.

### III. ANALYSIS

Plaintiff raised three issues on appeal.

**A.     The ALJ's residual functional capacity (RFC) determination is unsupported by substantial evidence because the ALJ failed to weigh the opinion of Dr. Strong and improperly discounted the opinion of treating physician Dr. Foster.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  20 C.F.R. §§ 404.1545 and 416.945.  It is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."  20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).  Plaintiff contends that the ALJ's RFC determination is unsupported by substantial evidence because she improperly evaluated the opinions of treating physician Thomas Foster, M.D., and examining psychologist Carrie Strong, Psy.D.

### 1.     Dr. Foster

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a

5

claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Foster's opinions given in 2011 and 2013 as follows:

In June 2011and February 2013, Thomas Foster, M.D., completed mental capacity assessments, finding that the claimant had moderate and marked limitations in understanding and memory, concentration and persistence, social interaction, and adaptation.  Dr. Foster noted that the claimant would be likely to be absent from work more than 4 times per month and unable to complete a normal work week, as a result of his mental impairments (Ex. B4F and B19F).  The undersigned finds these opinions inconsistent with the current treatment record, and assigns them little weight.

PageID.69.  The ALJ's conclusory evaluation of Dr. Foster's opinions did not explain how these opinions were inconsistent with the treatment record.  In this regard, the ALJ's decision did not address the doctor's treatment.  Some treatment notes could support Dr. Foster's opinion, such as an office visit on February 19, 2013, where the doctor noted that plaintiff had a significant mental health disability, "[h]as issues due to PTSD and also bipolar," and that while plaintiff "[h]as good control on meds and also with stable home," that he "continues to have significant social interaction issues and also poor focus and affects due to PTSD with recurrent memory [sic] is unable to focus on any work and can not keep job."  PageID.598.[1]  In sum, the ALJ did not give good reasons for the weight assigned to Dr. Foster's opinions.  *See Wilson*, 378 F.3d at 545; 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Foster's opinions and, if appropriate, adjust the RFC consistent with that re-evaluation.

### 2.     Dr. Strong

Plaintiff contends that the ALJ failed to properly weigh the March 2011 opinion of examining psychologist Dr. Strong.  PageID.68, 364-373.  The regulations provide that the agency will evaluate every medical opinion received "[r]egardless of its source."  *See* 20 C.F.R. §§ 404.1527(c) and 416.927(c).  While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ evaluates the report of a non-treating medical source.  *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007).  However, "the ALJ's decision

---

[1] With respect to the doctor's last observation, the Court notes that the ALJ found that plaintiff "has no past relevant work."  PageID.70.

still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted). Here, the ALJ's decision did not meet that requirement because it assigned no weight to Dr. Strong's opinion. PageID.68. Defendant contends that this error is harmless because Dr. Strong's opinion evaluated plaintiff in March 2011, more than six months before plaintiff's disability onset date of October 27, 2011. Dr. Strong's opinion did not address plaintiff's condition during the relevant time period. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result") . Accordingly, plaintiff's claim of error is denied.

> **B.     The ALJ's credibility determination is unsupported by substantial evidence because the ALJ erred in analyzing the required factors when assessing plaintiff's credibility.**

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir.

2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ evaluated plaintiff's credibility as follows:

> The claimant alleged that he is unable to work due to posttraumatic stress disorder and bipolar disorder (Ex. B2E). He reported difficulty with memory, completing tasks, concentration, understanding, following instructions and getting along with others. He stated that he spends most of his days on the couch, watching television, unless his wife asks him to do something. He testified that his concentration is poor since he stopped using alcohol and marijuana to self-medicate, in 2008. He stated that he is unable to keep the pace needed to hold a job. He has small children at home. His wife is disabled. He reported that he relies on her to give him instructions about what to do. When questioned, he downplayed his interest in playing video games, saying that he does not have much time to play since having kids. He noted fatigue from his medications. Despite these allegations, the claimant reported that he is able to care for his children, care for his dog, perform personal care, prepare his own meals, perform household chores, shovel snow, go out alone, shop in stores, handle his finances, play football with friends, play games with his children, play video games, use a computer and get along with authority figures (Ex. B4E and B9E).

> \*      \*      \*

> The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms, limitations, and social functioning, which weakens the credibility of his allegations. The claimant reported that he is able to care for his children, care for his dog, perform personal care, prepare his own meals, perform household chores, shovel snow, go out alone, shop in stores, handle his finances, play football with friends, play games with his children, play video games, use a computer and get along with authority figures, which does not suggest that his symptoms are as limiting as the claimant has alleged in connection with this application.

9

PageID.70.

Here, the ALJ properly discounted plaintiff's credibility based upon the extent of his daily activities. *See Walters*, 127 F.3d at 532 (an ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments). The Court finds no compelling reason to disturb the ALJ's credibility determination. *Smith*, 307 F.3d at 379. Accordingly, plaintiff's claim of error is denied.

> **C.  The ALJ's Step 5 determination is unsupported by substantial evidence because the ALJ relied upon an incomplete hypothetical question asked to the vocational expert (VE).**

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). Here, the ALJ's hypothetical question was based upon plaintiff's RFC which, in turn, was based in part on the ALJ's flawed evaluation of Dr. Foster's opinion. For this reason, the hypothetical question is not supported by substantial evidence. If the Commissioner adjusts the RFC on remand, then she should re-evaluate whether plaintiff can perform other work in the national economy.

## IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate Dr. Foster's opinions from 2011 and 2013 and, if appropriate, adjust the RFC and re-evaluate whether plaintiff can perform other work in the national economy.  A judgment consistent with this opinion will be issued forthwith.


Dated: March 16, 2016                         /s/ Ray Kent_____
                                              Ray Kent
                                              United States Magistrate Judge